OPINION

SLOVITER, Circuit Judge.
Appellant Carmen Vega appeals from the District Court’s order affirming the denial by the Administrative Law Judge (“ALJ”) of her application for Social Security Disability benefits. We will affirm.[1]
*374 I.
Judicial review is limited to determining whether there was substantial evidence to support the Commissioner’s decision to deny benefits. 42 U.S.C. § 405(g). Substantial evidence is “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). If the Commissioner’s findings of fact are supported by substantial evidence, such findings are binding. Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir.2000).
Because we write primarily for the parties, who are aware of the relevant facts, we discuss them only briefly. Vega is a forty-four-year-old woman with a 12th grade education. Her prior experience includes work as a hospital registration clerk, assembly worker, billing clerk, and a waitress. Vega’s last full-time job, as a wireless communications clerk, ended in February 2004.
Vega filed for Disability Insurance Benefits and Supplemental Security Income in June 2004, alleging inability to work due to symptoms of Grave’s disease. The Commissioner denied both Vega’s initial claim and a subsequent request for reconsideration. Vega then obtained a hearing before the ALJ.
In that hearing, Vega testified that she was diagnosed with Grave’s disease in September 2003 and stopped working due to related symptoms such as shortness of breath, hand tremors, blurred vision, irritability, depression, and pain in her bones and joints. Vega acknowledged that she did not like taking medication and that she had not always “tak[en] [her treatment] very seriously.” She also noted that she often missed appointments with her doctors because of memory problems.
Vega asserted that her symptoms precluded her from walking more than five or ten minutes, standing for more than twenty minutes, lifting, sitting, interacting with others, being alone, and staying focused on tasks. Although she claimed her daily activities were limited by these symptoms, Vega had begun to work part-time in a clerical position, as part of a welfare-mandated program, just weeks before the hearing. Vega testified that doing part-time work was difficult, that she had already been absent twice as a result of her disease, and that she could not do clerical work eight hours a day.
After the hearing, the ALJ determined that Vega’s claims related to her physical limitations were “not credible,” Tr. at 19, noting that Vega has the “residual functional capacity [to] perform sedentary work” such as a data entry clerk or a hospital admissions clerk. Tr. at 21. Accordingly, the ALJ concluded, Vega was “not disabled within the meaning of the Social Security Act.” Tr. at 15.
Vega filed a request for review of the ALJ hearing decision, which the Social Security Administration Appeals Council denied. Vega then filed her action in the United States District Court for the District of New Jersey, which issued a memorandum opinion and order affirming the decision of the Commissioner. Vega timely appealed.
II.
Vega is disabled for purposes of the SSA only if her “physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in *375 any other kind of substantial gainful work which exists in the national economy....” 42 U.S.C. § 423(d)(2)(A).
In determining whether a claimant is disabled under the SSA, ALJs must perform a five-step, sequential evaluation. 20 C.F.R § 404.1520. The ALJ must review: (1) the claimant’s current work activity; (2) the severity of the claimant’s impairments; (3) whether the claimant’s impairments meet or equal the requirements of an impairment listed in the regulations; (4) whether the claimant has the residual functional capacity to return to past relevant work; and (5) if claimant cannot return to past relevant work, whether she can “make an adjustment to other work” in the national economy. Id. If the claimant is engaged in substantial gainful activity, the claim will be denied. Burnett v. Comm. of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir.2000). Similarly, if the claimant fails to show that her disabilities are severe, she is ineligible for benefits. Id.
The ALJ followed this procedure in determining whether Vega met the definition of disability for purposes of the SSA. He determined that Vega had not been engaged in substantial gainful activity since her alleged disability onset date of February 1, 2004, that Vega’s impairment was “severe,” but that it did not “meet or medically equal” any impairments listed in the regulations, and that Vega had the residual functional capacity to do sedentary work in the areas of her past employment. Because he concluded that Vega was not disabled, the ALJ was not required to reach the fifth step.
Vega contends that this determination was improperly based on evidence that she had not been compliant with her prescribed treatment plan. It is true, as Vega asserts, that the ALJ referred to evidence of Vega’s noncompliance in his findings. It is also true that a denial of benefits for failure to follow a prescribed treatment plan may only be issued after the ALJ finds a disabling impairment that precludes engaging in any substantial activity, SSR 82-59, a finding that the ALJ did not make here.
However, it was not Vega’s noncompliance with her treatment that was the basis for the denial of benefits; rather, it was her residual functional capacity to return to sedentary work. Viewed in the context of the ALJ’s findings as a whole, his reference to Vega’s noncompliance shows that he treated it as a factor in analyzing the credibility of Vega’s testimony. Because an ALJ may consider a claimant less credible if the individual fails to follow the prescribed treatment plan without good reason, see SSR 96-7p, this was not improper.
Vega next argues that the ALJ erred by not considering her subjective symptoms in his finding that Vega could return to prior relevant work. This contention lacks merit because the ALJ considered Vega’s testimony on her symptoms, as well as relevant medical evidence. Indeed, it was only after examining such evidence that the ALJ found Vega’s claims regarding the disabling effect of her symptoms “not totally credible.” Tr. at 20.
Vega further contends that the ALJ’s failure to list the specifics of her reported symptoms constituted legal error because he did not follow the policy set forth in SSR 96-8, which requires ALJs to consider all relevant evidence when assessing claimants’ residual functional capacities. However, a review of the ALJ’s findings shows that he listed the symptoms considered, evaluated those symptoms in light of Vega’s testimony and the medical evidence, and found that she could lift up to ten pounds, walk and stand occasionally, and sit up to six hours per day. SSR 96-8p requires ALJs to provide a “narrative discussion describing how the evidence *376 supports each conclusion.” The ALJ’s findings met this standard.
Vega also argues that the ALJ erred in failing to make specific findings regarding the demands of Vega’s past work or the demands of similar positions in the national economy, as is required by SSR 82-62. But the ALJ cited a vocational expert’s testimony as to the physical and mental demands of Vega’s past work and considered Vega’s testimony as to the demands of her past work. In light of this evidence, the ALJ determined that Vega still retained the capacity to perform work, “sedentary and semi-skilled in nature, as generally performed for employers in the national economy.” Tr. at 19. This finding was substantially supported by the record.
Finally, Vega’s argument that the ALJ erred in misstating the disability standard is unavailing. Although the ALJ may have been imprecise when he stated that “there [was] no indication from [Vega’s] treating physician that her limitations would preclude all work activity,” Tr. at 19, this error does not require reversal. Tr. 19-20. The ALJ followed the proper five-step procedure in the disability analysis, and his finding that Vega was able to continue substantial gainful activity, which is the proper legal standard, is supported by the record.
III.
For the above-stated reasons, we will affirm the judgment and order of the District Court.

. The District Court had jurisdiction under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). *374 We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.